IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLD REPUBLIC INSURANCE COMPANY
and PENSKE TRUCK LEASING CO., L.P.,

        Plaintiffs,

        v.                                  No. 1:25-cv-00277-KG-JMR

ASHRAF ARAFA-HEKAL a/k/a ASHRAF
HEKAL, ARMANDO SALCIDO, AND
ANDREW MONTOYA,

        Defendants.

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants Armando Salcido and Andrew Montoya's motion for summary judgment. Doc. 26. Plaintiffs Old Republic Insurance Company ("Old Republic") and Penske Truck Leasing Co. ("Penske") responded, Doc. 28, and Salcido and Montoya replied. Doc. 30. For the reasons below, the motion is denied.

## I.   *Background*

The Court draws the facts in this section from the pleadings, which are either undisputed or stated most favorably to the nonmovants, Plaintiffs here. *See Parraz v. UNM Bd. of Regents*, 2024 WL 3676928, at *1 (D.N.M.). Defendant Ashraf Arafa-Hekel rented a 26-foot medium van from Penske in Bensalem, Pennsylvania, on March 24, 2021. Doc. 26-1 at 1. Arafa-Hekel declined all optional protection plans offered by Penske except a Limited Damage Waiver, which protected Arafa-Hekel from damage to the rented vehicle. Doc. 28 at 8–9. The rental agreement between Penske and Arafa-Hekel articulated general terms and conditions for the rental as well as limited liability protection provided by Penske. *Id.* at 9. Penske agreed to provide Arafa-Hekel with "liability protection" for any bodily injury, death, or property damage caused by Arafa-Hekel while

using the rented van.  *Id.*  The agreement limited protections to the minimum coverage "required by the state financial responsibility law" where liability is incurred.  *Id.*

While Penske agrees to cover its renters, Plaintiff Old Republic provides insurance to Penske.  *See* Doc. 1 at 3–6; Doc. 28 at 9.  Old Republic's policy provides maximum liability coverage of $1 million to Penske for any "insured" individual under the policy.  Doc. 26 at 3.  The policy, which was "issued" and "delivered" in Pennsylvania, clarifies that "rentees" of Penske autos are "insureds" for purposes of coverage, but the coverage amount is limited to any "contractual agreement" between Penske and the rentee.  Doc. 26 at 20; Doc. 28 at 14.

On March 29, 2021, Arafa-Hekel caused a motor vehicle accident between himself and a semi-truck occupied by Salcido and Montoya.  *See* Doc. 1 at 6; Doc. 26-2 at 3.  Salcido "sustained a laceration to his left forearm" from the accident, while Montoya sustained "no apparent injuries."  *Id.*  Both Salcido and Montoya were "transported by EMS to Plains Regional Medical Center in Clovis, New Mexico."  *Id.*

Salcido and Montoya filed suit against Arafa-Hekel in New Mexico's Second Judicial District Court on December 3, 2021.  *See* Doc. 1 at 6.  They eventually added Old Republic and Penske as defendants in that action.  *Id.*  That case is ongoing.

Old Republic and Penske filed this federal action seeking declaratory judgment that the limits of the rental policy are "$25,000 because of bodily injury or death of one person in any one accident" and "$50,000 because of bodily injury to or death of two or more persons in any one accident."  Doc. 1 at 8.  Salcido and Montoya move for summary judgment, arguing that the Old Republic policy "fails to comply with the requirements" of New Mexico's Financial Responsibility Act.  Doc. 26 at 4.  They contend that the violation of New Mexico law invalidates the limits Penske set forth in the rental agreement with Arafa-Hekel and entitles them to the maximum liability coverage Old Republic offers Penske—$1 million.  *Id.*

Old Republic and Penske argue that the Old Republic policy at issue "was made in Pennsylvania" so the New Mexico statutes "do not apply." *Id.* at 2. Accordingly, they argue that New Mexico law can't be used to nullify the liability limitations set forth in the Rental Agreement or the Old Republic policy. *Id.* at 2.

## II.    *Legal Standard*

Summary judgment is warranted if there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility" to identify evidence from the record demonstrating the "absence of a genuine dispute of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), meaning that the "record taken as a whole could not lead a rational trier of fact to find" for the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The burden then shifts to the nonmovant to "go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.

When sitting in diversity, federal courts must apply the substantive law, including choice of law rules, of the state in which they sit. *See Aiken v. Emp. Health Servs., Inc.*, 81 F.3d 172 (10th Cir. 1996). In contract disputes, New Mexico law applies the law of the place the contract was executed absent an explicit choice of law provision in the contract. *See Lee v. Cont'l Cas. Co.*, 2005 WL 8164232, at *3 (D.N.M.). New Mexico applies the same choice of law rules that govern contracts to insurance policies. *Id.* New Mexico courts apply New Mexico law to foreign contracts when application of a choice of law rule would result in a violation of fundamental principles of justice. *Id.*

In New Mexico, "motor vehicle insurance policy" insures "vehicles of a kind required to be registered pursuant to New Mexico law." NMSA 1978, § 66-1-4.11 (Cum. Supp. 2023). New

Mexico's Financial Responsibility Act requires minimum liability coverage of $25,000 per person and $50,000 per accident.  *See* NMSA 1978, § 66-5-208 (Cum. Supp. 1983).  The Act also requires regulated policies to state both the coverage provided and the applicable limits of liability.  *See* NMSA 1978, § 66-5-205.3(D) (Cum. Supp. 2016).  However, the statute provides an exception to the mandatory coverage requirement "when a vehicle is rented to others or used to carry persons for charge."  NMSA 1978, § 66-5-205.3(C)(7) (Cum. Supp. 2016).

### III.    *Analysis*

Viewing the record in the light most favorable to Penske and Old Republic as the nonmovants, Salcido and Montoya fail to meet the standard for summary judgment, and their motion, Doc. 26, is denied.  There is a genuine dispute of material fact as to whether New Mexico law can apply to the Old Republic policy.

Old Republic is a Pennsylvania company.  Doc. 1 at 1.  Penske, the beneficiary of the Old Republic policy, is a Pennsylvania company.  Doc. 28 at 14.  The insurance policy Old Republic "issued" to Penske was "delivered" in Pennsylvania.  *Id.*; Doc. 1 at 1.  Therefore, under New Mexico's choice of law rules, Pennsylvania law governs the insurance policy.  *See Lewis v. XL Catlin*, 542 F. Supp. 3d 1159, 1166 (D.N.M. 2021) (applying Pennsylvania law to an insurance policy when the holder as well as the broker were Pennsylvania companies).  If Pennsylvania law governs the Old Republic policy, New Mexico's Mandatory Financial Responsibility Act does not apply to the policy or the limitations set forth in Penske's rental agreement with Arafa-Hekel.  While Arafa-Hekel's individual rental agreement with Penske references minimum liability requirements consistent with New Mexico law, that reference alone does not establish that New Mexico law governs the Old Republic policy, nor does it establish that New Mexico law governs the rental agreement between Penske and Arafa-Hekel.  Thus, any technical requirement of the New Mexico statute does not apply to the policy Old Republic issued.  Salcido and Montoya fail to

demonstrate that there is no genuine issue of material fact that New Mexico law governs Old Republic's policy with Penske.

Salcido and Montoya's reply is unconvincing.  *See* Doc. 30.  They concede that "where the documents to a contract are executed in one state and the contract was formed in that state, that state's law applies."  *Id.* at 3.  However, they argue that the Old Republic policy "conflicts with the settled public policy of New Mexico" and so New Mexico's Mandatory Financial Responsibility Act should govern.  *Id.*  Not so.

Penske registered the van at issue in this case in Pennsylvania, not New Mexico.  *See* Doc. 26-2 at 1.  As a result, the vehicle is not one "required to be registered pursuant to New Mexico law."  *See supra* NMSA 1978, § 66-1-4.11.  Salcido and Montoya's erroneous interpretation of New Mexico's statute attempts to subjugate every vehicle passing through New Mexico to a New Mexico policy that is only intended for vehicles that are to be registered in New Mexico by residents of New Mexico.  That interpretation would disregard every other state's method of regulating vehicles that are to be registered in their respective state and contravene New Mexico's choice of law rules.

### IV.    Conclusion

Defendants Salcido and Montoya's motion for summary judgment, Doc. 26, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.

5