IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OLD REPUBLIC INSURANCE COMPANY
and PENSKE TRUCK LEASING CO., L.P.,

        Plaintiffs,

    v.                                   No. 1:25-cv-00277-KG-JMR

ASHRAF ARAFA-HEKAL a/k/a ASHRAF
HEKAL, ARMANDO SALCIDO, AND
ANDREW MONTOYA,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiffs Old Republic Insurance Company ("Old Republic") and Penske Truck Leasing CO., L.P.'s ("Penske") Motion for Default Judgment Against Defendant Ashraf Arafa-Hekal and Summary Judgment, Doc. 27. Defendants Armando Salcido and Andrew Montoya responded, *see* Doc. 29, and Old Republic and Penske replied, *see* Doc. 32. For the reasons below, the motion is granted.

### I.    *Background*

The factual background of this case is set forth in the Court's prior Order denying Salcido and Montoya's Motion for Summary Judgment, Doc. 26. *See* Doc. 34 at 1–3. Therefore, the Court incorporates by reference that factual background and supplements the facts as necessary below.

The Court's prior Order concluded that New Mexico law, apart from the liability limits required by the state financial responsibility law, does not apply to the insurance policy issued by Old Republic to Penske. Doc. 34 at 4. Plaintiffs now move for summary judgment against Salcido and Montoya as well as default judgment against Defendant Ashraf Arafa-Hekal, the

driver of the rental vehicle. *See* Doc. 27 at 1. Plaintiffs argue that "there is no genuine dispute as to any material fact," and that they are entitled to judgment as a matter of law because the rental agreement provides coverage for Arafa-Hekal "with limits required by [New Mexico's] financial responsibility law." *Id.* at 20. Next, Plaintiffs argue that they are entitled to default judgment against Arafa-Hekal "for a declaration that the Old Republic policy provides liability insurance for Salcido's and Montoya's tort claims against Arafa-Hekal with limits of $25,000 per person and $50,000 per accident." *Id.* Arafa-Hekal has not appeared in this litigation, and the Clerk of Court has entered default. *See* Docs. 7, 18.

## II.    Legal Standard

### A.    Summary Judgment

Summary judgment is warranted if there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Interpretation of a contract is a question of law. *See DTC Energy Grp., Inc., v. Hirschfeld*, 912 F.3d 1263, 1273 (10th Cir. 2018). The movant "bears the initial responsibility" to identify evidence from the record demonstrating the "absence of a genuine dispute of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), meaning that the "record taken as a whole could not lead a rational trier of fact to find" for the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The burden then shifts to the nonmovant to "go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324.

When sitting in diversity, federal courts apply the substantive law, including choice of law rules, of the state in which they sit. *See Aiken v. Emp. Health Servs., Inc.*, 81 F.3d 172 (10th

Cir. 1996).  In contract disputes, New Mexico law applies the law of the place the contract was executed absent an explicit choice of law provision in the contract.  *See Lee v. Cont'l Cas. Co.*, 2005 WL 8164232, at *3 (D.N.M.).  New Mexico applies the same choice of law rules that govern contracts to insurance policies.  *Id.*

### B.       Default Judgment

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Upon a motion for default judgment, courts accept well-pled allegations in the complaint as true.  *See U.S. v. Craighead*, 176 Fed. Appx. 922 (10th Cir. 2006) (unpublished).  If default judgment is sought against a party who has failed to appear, courts must inquire into personal and subject matter jurisdiction over the parties.  *See Metro. Life Ins. Co. v. Johnson*, 2015 WL 1945398, at *2 (D. Colo.).  If the court determines it has jurisdiction over the parties in the action, it may enter default judgment if it concludes there is a sufficient basis for entry of a judgment.  *See Nev. Gen. Ins. Co. v. Anaya*, 326 F.R.D. 685, 693 (D.N.M. 2018); *see also Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *1 (D. Colo.) ("It remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment.").  A trial court is vested with broad discretion in deciding whether to enter a default judgment.  *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

### III.    *Analysis*

For the reasons below, the Court concludes that (A) Plaintiffs are entitled to summary judgment as a matter of law and (B) Plaintiffs are entitled to default judgment against Arafa-Hekal.

**A.      Plaintiffs are entitled to summary judgment as a matter of law.**

As a threshold matter, the Court concludes that there is no genuine dispute of material

fact that precludes summary judgment.  The Court previously set forth material facts in its Order

denying Salcido and Montoya's Motion for Summary Judgment, Doc. 26.  *See* Doc. 34 at 1–3.

To the extent Salcido and Montoya dispute those facts, the Court finds that they are not material

to the question of contract interpretation and coverage limits at issue here.  *See Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary

judgment.").

Next, the Court concludes that Pennsylvania law governs the Court's interpretation of the

Old Republic policy.  The Old Republic policy does not contain a choice of law provision.  *See*

Doc. 14-2.  Old Republic is a Pennsylvania company.  Doc. 1 at 1.  Penske, the insured party

under the Old Republic policy, is also a Pennsylvania company.  Doc. 27 at 10.  The policy was

"issued" and "delivered" to Penske in Pennsylvania.  *Id.*; Doc. 1 at 1.  Therefore, under New

Mexico's choice of law rules, Pennsylvania law governs the insurance policy in the absence of a

choice of law provision.  *See Lewis v. XL Catlin*, 542 F. Supp. 3d 1159, 1166 (D.N.M. 2021)

(applying Pennsylvania law to an insurance policy when the holder as well as the broker were

Pennsylvania companies).  Salcido and Montoya concede that "where all of the documents to a

contract are executed in one state and the contract was formed in that state, that state's law

applies."  Doc. 29 at 8.

Although the rental agreement between Penske and Arafa-Hekal has a choice of law

provision, it does not supersede the Old Republic policy.  The agreement's choice of law

provision provides that the agreement "shall be governed by and construed in accordance with

the substantive law of the State of Delaware."  Doc. 14-1 at 6.  Salcido and Montoya also "agree

4

Delaware law applies to the rental agreement." Doc. 29 at 8. However, the choice of law provision is narrow and governs only the scope and effect of the rental agreement between Arafa-Hekal and Penske, not the Old Republic insurance policy. *See* Doc. 14-1 at 6. Because the rental agreement does not supersede the Old Republic policy, the Court reverts to New Mexico's choice of law rules, which applies Pennsylvania law to the dispute. *See Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1291, 1301 (11th Cir. 2003).

Under these principles, Old Republic is entitled to summary judgment as a matter of law because both the policy and rental agreement are unambiguous as to liability limits. Under Pennsylvania law, the interpretation of an insurance contract is a matter of law for the court. *See Lexington Ins. v. Western Penn. Hosp.*, 423 F.3d 318, 323 (3d Cir. 2005). Where the language of the insurance contract is clear and unambiguous, a court is required to give effect to that language. *Id.* In Pennsylvania, "clear policy language...is to be given effect, and courts should not torture the language to create ambiguities but should read the policy provisions to avoid it." *USC Corp. v. Liberty Mutual Ins. Co.*, 444 F.3d 192, 198 (3d Cir. 2006).

The Court concludes that the Old Republic policy unambiguously permits Penske to limit its coverage in rental agreements. The policy provides coverage to "insureds" that include anyone other than Penske "using with your permission a covered auto [Penske]" owns. Doc. 14-2 at 31. Further in the policy, however, an endorsement clarifies that "both lessees and rentees of covered 'autos' are 'insureds', but only to the extent and up to the limits of liability (insurance) agreed to under a contractual agreement with [Penske]." *Id.* at 47. This provision unambiguously provides Penske the flexibility to limit its coverage to rentees in rental agreements while retaining broader policy coverage for other drivers.

Here, the accident between Arafa-Hekal, Salcido, and Montoya, occurred in New Mexico. *See* Doc. 14 at 20. New Mexico's Mandatory Financial Responsibility Act requires minimum liability coverage of $25,000 per person and $50,000 per accident. *See* NMSA 1978 § 66-5-208 (Cum. Supp. 1983). As a result, Arafa-Hekal's coverage under his rental agreement with Penske is unambiguously limited to the minimum coverage required by New Mexico law at the time of the collision, $25,000 per person and $50,000 per accident. *See* Doc. 14 at 20.

Salcido and Montoya's arguments to the contrary are unpersuasive. They argue that "if Plaintiffs intended to provide only the minimum coverage provided for under [New Mexico law], the policy fails to comply with requirements of the act." Doc. 29 at 11. They further contend that the insurance policy was required to specify that the "coverages of $25,000 per person and $50,000 per accident." Doc. 29 at 18. Not so. It is a basic tenet of contract law that parties are free to choose what terms govern their contract. *See e.g., Empower Health LLC v. Providence Health Sols. LLC*, 2012 WL 13027107, at *11 (D. Conn.) ("Generally speaking, parties are permitted to enter into a contract even when the terms of that contract are far from ideal for one party or the other."). The fact that a Delaware contract draws its maximum coverage for a rentee from New Mexico law does not subject the contract and its precursor insurance policy to the technical requirements of New Mexico's entire motor vehicle code simply because the rental vehicle was passing through New Mexico. *See e.g., New York Marine & Gen. Ins. Co. v. Penske Truck Leasing Co., L.P.,* 457 F. Supp. 3d 912, 919 (D. Nev. 2020) (granting summary judgment for rental company in coverage dispute). In conclusion, Old Republic is entitled to summary judgment as a matter of law because both the Old Republic policy and rental agreement are unambiguous in limiting coverage to $25,000 per person and $50,000 per accident.

C.        **Plaintiffs are entitled to default judgment against Arafa-Hekal.**

Finally, Plaintiffs are entitled to default judgment against Defendant Arafa-Hekal.  Arafa-Hekal has failed to appear in this litigation, and the Court has the subject matter and personal jurisdiction to enter default judgment against him.  *See Nev. Gen. Ins. Co.*, 326 F.R.D. at 693.  First, the Court has subject-matter jurisdiction over this action under diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).  Plaintiffs are citizens of Pennsylvania and Delaware, respectively.  Doc. 14 at 1.  Defendant Arafa-Hekal is a resident and citizen of the state of New Jersey.  *Id.* at 2.  Diversity of citizenship exists between the parties, and the amount in controversy "exceeds the sum of $75,000, exclusive of interest and costs."  Doc. 14 at 1; *see also* § 1332(a).

The Court also has personal jurisdiction over Defendant Arafa-Hekal.  When a "federal lawsuit is based on diversity of citizenship, the court's jurisdiction over a nonresident defendant is determined by the law of the forum state."  *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).  New Mexico's long-arm statute extends personal jurisdiction to the "courts of this state" in any cause of action arising from "the operation of a motor vehicle upon the highways of this state."  NMSA 1978 § 38-1-16(A)(2).  This cause of action arises from Arafa-Hekal's operation of a rental vehicle on New Mexico's highways.  *See* Doc. 14 at 6 ("arising out of a March 29, 2021 motor vehicle accident in Roosevelt County, New Mexico.").  The Court therefore has subject-matter and personal jurisdiction over Plaintiffs' claims against Defendant Arafa-Hekal.

Having concluded that it has the power to enter a default judgment, the Court finds that the allegations of the Amended Complaint, taken as true, state a claim for declaratory relief in the manner Plaintiffs request.  *See Greenwich Ins. Co.*, 2008 WL 793606, at *1.  The Old

Republic policy and rental agreement unambiguously limit Arafa-Hekal's coverage to those set forth in New Mexico statute. *See* NMSA 1978 § 66-5-208 (Cum. Supp. 1983).

### IV.    Conclusion

For the reasons above, Plaintiff's Motion for Default Judgment and Summary Judgment, Doc. 27, is granted. Default judgment shall be entered against Defendant Arafa-Hekal.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.